IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE PAPPAYLIOU, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:20-cv-008 |
| JOHNSON CONTROLS, INC., | | JUDGE WALTER H. RICE |
| Defendant. | : | |

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447(c) (DOC. #6); REMANDING CASE TO MONTGOMERY COUNTY COURT OF COMMON PLEAS; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

Plaintiff George Pappayliou filed suit in the Montgomery County Court of Common Pleas against Johnson Controls, Inc. ("JCI"), seeking a declaratory judgment and compensatory damages for an alleged breach of an Executive Employment Agreement and Retirement Agreement that he had with JCI's corporate predecessors, Tomkins Industries, Inc., and Tomkins Limited ("Tomkins").

JCI removed the matter to federal court, arguing that the claims were completely preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* This matter is currently before the Court on Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C.

§ 1447(c).  Doc. #6.  For the reasons set forth below, the Court sustains that motion.

I.   **Background and Procedural History**

George Pappayliou was employed by Tomkins Industries, Inc., for twenty years.  When he began working there in 1991, he entered into an Executive Employment Agreement, which contained a section governing Supplemental Executive Retirement Benefits.  Doc. #2-1.  When he retired from his position as general counsel in March of 2011, he entered into a Retirement Agreement with Tomkins. Doc. #1-1, PageID##39-45.  That Retirement Agreement is binding on Tomkins' successor, JCI.  Section 6 of that Agreement provides that Pappayliou and his dependents "shall retain any and all benefits," including health, dental and medical benefits ("HDM") available under his Executive Employment Agreement.  *Id.* at PageID#41.

Under Section 2.2 of the Supplemental Executive Retirement Benefits portion of the Executive Employment Agreement, Pappayliou and his dependents were guaranteed lifetime HDM benefits.  Tomkins was permitted, "at its discretion," to "assess a monthly charge for HDM coverage*, which charge shall not be greater than that charged to other executives of the Company whose duties are similar to those of [Pappayliou] as of the time when [Pappayliou] begins to receive HDM benefits hereunder*."   Doc. #2-1, PageID#96 (emphasis added).

Pappayliou maintains that, under this provision, Tomkins—and now, JCI—is contractually prohibited from charging him more than the $129.29 monthly premium first assessed to him on the date he retired in 2011.  In September of 2019, however, Pappayliou received a letter from JCI, notifying him that, effective January 1, 2020, his monthly premium would increase and would be variable for the remainder of his lifetime.

When Pappayliou's protests concerning this premium increase went unanswered by JCI, he filed suit in the Montgomery County Court of Common Pleas to enforce his contract rights under the Retirement Agreement and Executive Employment Agreement.  Pursuant to Ohio Revised Code § 2721.09, he seeks a declaratory judgment concerning the rights of the parties, along with specific performance of the contract.  He also seeks compensatory damages for JCI's alleged breach of contract.  Doc. #2.

Pursuant to 28 U.S.C. §§1441 and 1446, JCI removed the case to federal court, arguing that Pappayliou's claims were completely preempted by ERISA.  Doc. #1.  Pappayliou has filed a Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c), Doc. #6, arguing that removal was improper.  That motion is now fully briefed and ripe for decision.  In ruling on the motion, the Court is mindful that "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

## II. Discussion

### A. Relevant Law

Federal courts are courts of limited jurisdiction and, as the removing party, JCI has the burden of establishing federal subject-matter jurisdiction. *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). JCI maintains that, because Pappayliou's state law claims for declaratory judgment and breach of contract are completely preempted by ERISA, this court has federal question jurisdiction.

Under the "well-pleaded complaint" rule, a case is generally not removable to federal court "unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). Complete preemption, however, is "a narrow exception to the well-pleaded complaint rule." *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004). When a federal statute completely preempts the state law cause of action, removal is proper.

ERISA is one of those statutes. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). It provides a comprehensive civil enforcement scheme to regulate employee benefit plans. *Id.* at 207-08. Accordingly, "[a] state suit may be completely preempted (and subject to removal) if it asserts a state law cause of action to enforce the terms of an ERISA plan and that suit conflicts with or duplicates the federal cause of action" set forth in § 1132(a)(B)(1). *K.B. by and through Qassis v. Methodist Healthcare—Memphis Hosps.*, 929 F.3d 795, 800 (6th

4

Cir. 2019).[1]  Section § 1132(a)(1)(B) allows a plan participant or beneficiary to file suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

Standing alone, the fact that there is an underlying health care plan governed by ERISA is not enough to trigger complete preemption.  "Our case law does not set up an automatic triggering mechanism whereby the simple presence of an ERISA plan on the balance sheet brings down the hammer of complete federal preemption every time."  *K.B.*, 929 F.3d at 803.

Rather, to determine whether a state law claim is completely preempted by ERISA, the court applies a two-step test: (1) the plaintiff must be complaining about a denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) "the plaintiff must only allege the violation of a legal duty (federal or state) that is *dependent* on ERISA" or on the terms of an ERISA plan.  *Id.* at 800 (citing *Davila*, 542 U.S. at 210)).  If these two requirements are both met, the claim is "'in essence' a claim for the recovery of

---

[1]  ERISA also preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefits plan."  29 U.S.C. § 1144(a).  This is known as express preemption.  Standing alone, a claim that is expressly preempted is not subject to removal.  Removal is warranted only if the case implicates the "complete preemption" doctrine.  *K.B. by and through Qassis*, 929 F.3d at 800.

an ERISA plan benefit" and is "subject to ERISA's enforcement scheme in federal court." *Id.* at 800-01.

### B. Analysis

In his Motion to Remand, Pappayliou argues that neither requirement for complete preemption is met. He denies that he is seeking to enforce the terms of an ERISA plan, because neither the Executive Employment Agreement nor the Retirement Agreement constitutes an employee welfare benefit plan under ERISA. Pappayliou further argues that the legal duty at issue is not dependent on ERISA or on the terms of an ERISA plan. Rather, he seeks to enforce JCI's independent contractual obligation, as set forth in the Retirement Agreement and the Executive Employment Agreement, to provide him and his dependents with lifetime health, dental and medical benefits at a monthly premium of no more than $129.29.

The Court agrees that JCI has failed to show that ERISA completely preempts Pappayliou's breach of contract and declaratory judgment claims. Accordingly, this Court lacks jurisdiction and must remand the case to state court.

#### 1. Could Pappayliou Have Brought His Claim Under ERISA?

As noted above, for purposes of complete preemption, it is not enough that the monthly premium at issue goes to purchase healthcare benefits that are governed by an ERISA-regulated employee benefit plan. Rather, the first requirement for complete preemption is satisfied only if Pappayliou could have brought his claims under 29 U.S.C. § 1132(a)(B)(1). In other words, he must be seeking to recover benefits due under the terms of the plan, to enforce rights

6

under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Pappayliou is seeking to do none of these with respect to the terms of the underlying healthcare plan, which is completely silent on the question of the amount of his monthly premiums. Instead, he is seeking to enforce the contractual provisions of his Executive Employment Agreement and Retirement Agreement, capping his monthly premium at $129.29. The relevant question, therefore, is whether Pappayliou's Executive Employment Agreement and Retirement Agreement are governed by ERISA.

These Agreements are not governed by ERISA unless they constitute an "employee welfare benefit plan," defined, in relevant part, as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries . . . (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness . . . " 29 U.S.C. § 1002(1).

In *Dakota, Minnesota & Eastern R.R. Corp. v. Schieffer*, 648 F.3d 935 (8th Cir. 2011), the court noted that ERISA's use of the word "plan" strongly implies benefits provided to a "class" of employees as opposed to a single executive.

> Congress has never preempted state laws that regulate and enforce individual employment contracts between employers and their executives. . . Neither the administrative nor the remedial purposes of ERISA preemption apply to the resolution of contractual disputes between an employer and a single, salaried employee. Considering ERISA's statutory language, purpose, and historical context, we conclude that an individual contract providing severance benefits to a

7

> single executive employee is not an ERISA employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1).

*Id.* at 938.

Other courts, however, have held that a plan covering only a single employee may be governed by ERISA where the other requirements of an ERISA plan are met. *See DeBrul v. Citrosuco N. Am., Inc.*, 892 F. Supp. 2d 892, 906 (S.D. Ohio 2012) (collecting cases). The Sixth Circuit has held that "[i]n determining whether a 'plan, fund, or program' exists, a court should focus on whether the employee benefit requires an administrative scheme to execute." *Sherrod v. Gen. Motors Corp.*, 33 F.3d 636, 638 (6th Cir. 1994). The Court must consider: "1) whether the employer has discretion over the distribution of benefits, and 2) whether there are on-going demands on an employer's assets." *Kolkowski v. Goodrich Corp.*, 448 F.3d 843, 848 (6th Cir. 2006) (citing *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987)).

The second factor is generally satisfied if the employer must continue paying benefits for an extended period of time. *Id.* at 849. Given that the Executive Employment Agreement and Retirement Agreement require JCI to provide HDM benefits for the lifetime of Mr. Pappayliou and his dependents, this factor weighs in favor of a finding that ERISA governs.

The same cannot be said with respect to the first factor, however. JCI has no discretion over the distribution of benefits. Once the triggering event—Pappayliou's retirement—occurs, Pappayliou and his dependents are entitled to

8

HDM benefits for life.  Under the terms of the Agreements, JCI does have discretion over whether to assess a monthly premium.  Nevertheless, the amount of that premium is capped at the amount charged to "other executives of the Company whose duties are similar to those of [Pappayliou]" as of the date of his retirement.  Doc. #2-1, PageID#96.  This is a simple, one-time calculation.  The Sixth Circuit has held that plans involving this kind of simple, mechanical determination, involving no exercise of discretion, typically do not constitute ERISA plans.  *Kolkowski*, 448 F.3d at 848-49.

Moreover, neither the Executive Employment Agreement nor the Retirement Agreement mentions ERISA.  As Pappayliou points out, JCI did not treat his pre-suit demands as ERISA claims.  It rendered no administrative decision and failed to apprise him of his appeal rights as would be required if these Agreements were governed by ERISA.

For all of these reasons, the Court finds that neither the Executive Employment Agreement nor the Retirement Agreement is governed by ERISA. Accordingly, Pappayliou could not have filed suit under 29 U.S.C. § 1132(a)(1)(B) to enforce JCI's contractual obligation to provide HDM benefits for a monthly rate of no more than $129.29.  Therefore, the first requirement for complete preemption under *Davila* is not met.  *Davila*, 542 U.S. at 210.

    2.  **Does Plaintiff Allege a Violation of a Legal Duty that is Dependent on ERISA or on the terms of an ERISA plan?**

Even if Pappayliou could have filed suit under ERISA, his claims are not completely preempted unless he alleges a violation of a legal duty that is dependent on ERISA or on the terms of an ERISA plan. *Davila*, 542 U.S. at 210. In this case, the legal duty at issue—JCI's legal duty to provide him and his dependents with HDM benefits for a monthly premium of no more than $129.29—stems *solely* from the Executive Employment Agreement and the Retirement Agreement, neither of which is dependent on ERISA or on the terms of the underlying healthcare plan.

Nothing in the healthcare plan itself requires JCI to provide HDM benefits to Pappayliou at a certain price, and there is no need to interpret the terms of that healthcare plan to determine whether that duty exists. Given that the legal duty at issue is completely independent of ERISA and the terms of the underlying healthcare plan, JCI has failed to satisfy the second requirement for complete preemption under *Davila*. *See Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013) (holding that where the duty was "not derived from or conditioned upon" the terms of the plan, and where no one need interpret the plan to determine whether that duty exists, the duty was independent of ERISA).

For the reasons set forth above, the Court finds that JCI has not shown that Pappayliou's claims are completely preempted by ERISA.

### III. Conclusion

10

Given that Pappayliou's claims are not completely preempted by ERISA, this Court lacks jurisdiction over them. The Court therefore SUSTAINS Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c), Doc. #6, and REMANDS this case to the Montgomery County Court of Common Pleas.

Judgment shall be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 1, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE